# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 15-496V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
ENRIQUE RODRIGUEZ-LUNA,             *
                                    *    Special Master Corcoran
           Petitioner,              *
                                    *    Dated: January 3, 2018
    v.                              *
                                    *    Final Attorney's Fees and Costs;
                                    *    Reconsideration.
SECRETARY OF HEALTH AND             *
HUMAN SERVICES,                     *
                                    *
           Respondent.              *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Manuel Rivera*, Manuel Rivera Esquire & Associates, Arlington, VA, for Petitioner.

*Debra Filteau Begley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING MOTION FOR RECONSIDERATION AND MODIFYING AWARD OF FINAL ATTORNEY'S FEES AND COSTS[1]

On May 13, 2015, Enrique Rodriguez-Luna filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] In it, Petitioner alleged that the influenza ("flu") vaccine he received on April 26, 2012, caused him to experience Guillain-Barré syndrome ("GBS"). Petition at 1. Nearly two years after the case was initiated, the parties agreed by stipulation that the claim should be dismissed, and it was on May 5, 2017. *See* Order Concluding Proceedings (ECF No. 51).

---

[1] Although this Decision has not been formally designated to be published, it will nonetheless be posted on the Court of Federal Claims's website, and disclosed otherwise in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

Petitioner filed a motion requesting an award of attorney's fees and costs on August 30, 2017, in the total amount of $119,693.96. *See generally* Motion, dated August 30, 2017 (ECF No. 53) ("Fees App."). Respondent objected to the award of any fees, arguing that the claim had no reasonable basis. *See* Response to Motion for Attorney's Fees, filed on Sept. 13, 2017 (ECF No. 55) ("Response"). Petitioner initially failed to file a timely reply, but later requested the opportunity to do so, which I provided. *See* Motion for Extension of Time, dated Oct. 16, 2017 (ECF No. 56); Order, dated Oct. 16, 2017 (ECF No. 57). Petitioner thereafter filed a reply on October 30, 2017, arguing that reasonable basis existed throughout the pendency of the case. *See* Reply to Response to Motion, dated Oct. 30, 2017 (ECF No. 58) ("Reply"). I granted in part Petitioner's motion, finding that reasonable basis for the claim did cease after its filing, and therefore awarding only $47,581.97 in fees and costs. ECF No. 59.

On December 23, 2017, Petitioner filed a motion for reconsideration of my decision awarding attorney's fees and costs. *See* Motion for Reconsideration, dated Dec. 23, 2017 (ECF No. 60) ("Mot."). He requests that I add fees that were incurred to prepare and file the fees motion (22 hours of work, for a total of $8,866.00), but was not previously included in the original fees motion. In addition, Petitioner points out a small typographical error in my original decision, where I misstated the new rate of Mr. Marchand-Paonesa, which is $261—not $361 as was mistakenly written on page 11 of my original decision. Petitioner does not question my reasonable basis determination or my reduction to his hourly rate. Respondent filed his response on January 3, 2018, arguing that Petitioner had not properly established grounds for reconsideration, and that the typographical error is harmless and did not change the substance of the decision. ECF No. 61.

Vaccine Rule 10(e) governs motions for reconsideration of a special master's decision, and provides that "[e]ither party may file a motion for reconsideration of the special master's decision within 21 days after the issuance of the decision . . . ." Vaccine Rule 10(e)(1). Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3). It is within the special master's discretion to decide what the "interest of justice" is in a given case. *R.K. v. Sec'y of Health & Human Servs*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of decision dismissing case for failure to prosecute).

Here, I find that the interests of justice support the revisions to my fees decision requested by Petitioner. Petitioner's original application for fees and costs did not include time to prepare the motion for fees and costs, but I would have awarded it had it been requested. I will, however, reduce some of the time requested. As noted previously, Petitioner requests 22 hours for Mr. Rivera to prepare the fee motion, and file a reply to Respondent's opposition. Ex. 82. This reduction is for two main reasons. First, Petitioner's billing records indicate that he did not begin to review Respondent's brief in opposition until the day before his reply was due—leading him to request

an extension. Second, Petitioner billed significant time to research basic principles of attorney's fees and costs in the Program. Special masters generally do not award fees for research to be performed by unexperienced Vaccine Program attorneys, as those tasks epitomize tasks a client would rightly refuse to pay. *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007); *Tedeschi v. Sec'y of Health & Human Servs.*, No. 02-1826V, 2016 WL 4266046, at *5 (Fed. Cl. Spec. Mstr. July 21, 2016).

I will instead award 10 hours of time for this work, which is more reasonable given the nature of the task at issue. Petitioner also requests 2.5 hours for Mr. Paonessa's work on the fee Petition, which I will award in full. Ex. 83.

As discussed above, Petitioner also pointed to a typographical error in the hourly rate of Mr. Paonessa on page 11 of my original decision. The proper rate is $261, which was used to calculate the amount awarded to Mr. Paonessa.

## CONCLUSION

Based upon the above, and in the exercise of my discretion, I hereby grant the motion for reconsideration – the prior decision dated December 5, 2017, is hereby VACATED and I award attorney's fees and costs as follows:

| | Mr. Rivera | | | Mr. Paonessa | | |
|---|---|---|---|---|---|---|
| | Reduced Hours | Reduced Rate | New Total | Reduced Hours | Reduced Rate | New Total |
| 2014-2015 | 29.6 | $385 | $11,396.00 | 24.9 | $250 | $6,225.00 |
| 2016 | 37.3 | $393 | $14,658.90 | 18.1 | $255 | $4,615.50 |
| 2017 | 2.98 | $403 | $1,200.94 | 3.8 | $261 | $991.80 |
| Fee Mot. Prep. | 10 | $403 | $4,030.00 | 2.5 | $261 | $652.50 |
| **Mr. Rivera Total: $31,285.84** | | | | **Mr. Paonessa Total: $12,484.80** | | |
| Fees Total: $43,770.64 | | | | | | |
| Costs Total: $8,493.83 | | | | | | |
| **Grand Total: $52,264.47** | | | | | | |

Accordingly, an award shall be made in the form of a check jointly payable to Petitioner and his counsel, Mr. Manuel Rivera, Esq., in the amount of **$52,264.47**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.